## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
               Appellant,

      v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,
               Agency.

DOCKET NUMBERS
DE-3330-15-0304-I-1
DE-3330-15-0322-I-1

DATE: February 25, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Robert L. Thomas</u>, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed petitions for review of the initial decisions, which denied his requests for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) on the merits without a hearing. Generally, we grant petitions such as these ones only when: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review.  Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        In March 2015, the agency issued concurrent merit promotion and open competitive vacancy announcements for a GS-15 Public Health Advisor position located in Port-Au-Prince, Haiti.  *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-15-0304-I-1, Initial Appeal File (0304 IAF), Tab 6 at 58-59; *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-15-0322-I-1, Initial Appeal File (0322 IAF), Tab 5 at 58.  Both vacancy announcements indicated that the minimum qualifications required for the position were 1 year of specialized experience at the GS-14 level, including "experience developing and formulating new programs and initiatives that are in accord with public health activities specific to the elimination of HIV/AIDS."  0304 IAF, Tab 6 at 59-60; 0322 IAF, Tab 5 at 59-60.

¶3 The appellant, a 5-point preference-eligible veteran, applied for the position under both vacancy announcements.[2]  0304 IAF, Tab 6 at 22, 25-56; 0322 IAF, Tab 5 at 22, 25-56.  His applications were reviewed by a Human Resources Specialist, who determined that the appellant was ineligible for the position because he lacked the requisite specialized experience.[3]  0304 IAF, Tab 6 at 15, 18; 0322 IAF, Tab 5 at 15, 18.

¶4 The appellant filed separate Board appeals alleging, in pertinent part, that the agency failed to credit his military experience when evaluating his applications under the each of the vacancy announcements.  0304 IAF, Tab 1 at 5; 0322 IAF, Tab 1 at 5.  In response, the agency submitted declarations signed, under penalty of perjury, by the Human Resources Specialist who evaluated the appellant's applications, swearing that she considered the appellant's résumé and application, including his experience as a Medical Corpsman while serving in the military, and found that he lacked the experience required for the position.  0304 IAF, Tab 6 at 14-16; 0322 IAF, Tab 5 at 14-16.  The Human Resources Specialist also swore that the agency did not select any of the candidates that applied for the positon under either of the vacancy announcements, and that the certificates of eligible candidates were returned unused.  0304 IAF, Tab 6 at 16; 0322 IAF, Tab 5 at 16.

¶5 The administrative judge issued orders finding no genuine disputes of material fact based on his review of the parties' submissions, and affording the

[2] Because the agency was accepting applications from outside its own workforce and the appellant was a preference-eligible veteran, *see* 0304 IAF, Tab 6 at 22, 58, the agency was required to afford the appellant the opportunity to apply and compete for the position under the merit promotion vacancy announcement, 5 U.S.C. § 3304(f)(1); *see Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1383 (Fed. Cir. 2007).

[3] The agency initially informed the appellant that, based on his self-assessment, he was eligible for the position.  0304 IAF, Tab 6 at 23; 0322 IAF, Tab 5 at 23.  However, after the Human Resources Specialist further reviewed the appellant's application, the agency determined that the appellant was not eligible for the position.  0304 IAF, Tab 6 at 15, 18; 0322 IAF, Tab 5 at 15, 18.

parties an additional opportunity to supplement the records in each of the appeals before they closed. 0304 IAF, Tab 13 at 1; 0322 IAF, Tab 13 at 1. In response, among other things, the appellant presented arguments regarding his prior VEOA appeals against the agency concerning vacancy announcements not at issue in these appeals. 0304 IAF, Tab 16 at 6-9; 0322 IAF, Tab 15 at 5.

¶6    The administrative judge issued initial decisions denying the appellant's requests for corrective action without a hearing. 0304 IAF, Tab 17, Initial Decision (0304 ID); 0322 IAF, Tab 17, Initial Decision (0322 ID). He found that the Board had jurisdiction over the appeals pursuant to 5 U.S.C. § 3330a(d), but that there were no disputes of material fact and the agency was entitled to judgment as a matter of law. 0304 ID at 1, 5-9; 0322 ID at 1, 4-8.

¶7    The appellant has filed identical petitions for review of the initial decisions. *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-15-0304-I-1, Petition for Review (0304 PFR) File, Tab 1; *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-15-0322-I-1, Petition for Review (0322 PFR) File, Tab 1. The agency has filed responses in opposition to the petitions for review. 0304 PFR File, Tab 3; 0322 PFR File, Tab 3.

¶8    As a preliminary matter, because the petitions for review raise similar issues, we join the appeals to address the petitions for review. *See* 5 C.F.R. § 1201.36(b) (joinder is appropriate if doing so would expedite processing and not adversely affect the interests of the parties).[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9    On review, the appellant argues that the administrative judge erred in deciding his appeals on the written record, without granting his requests for a hearing. 0304 PFR File, Tab 1 at 5-6, 8-13; 0322 PFR File, Tab 1 at 5-6, 8-13.

---

[4] Below, the administrative judge issued orders joining the appeals, but then continued to process and adjudicate the appeals separately. 0304 IAF, Tab 9, Tab 10 at 1 n.2; 0322 IAF, Tab 4. The appeals were later severed and the administrative judge issued a separate initial decision in each appeal.

He presents a variety of arguments in support of this contention, all of which we find unpersuasive.

¶10     The appellant contends that a hearing was required in accordance with the initial decision in *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-10-0168-I-1, Initial Decision (Apr. 30, 2010).[5]  0304 PFR File, Tab 1 at 9-13; 0322 PFR File, Tab 1 at 9-13.  We disagree; an initial decision issued by an administrative judge has no precedential effect.  *See Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988).  The appellant also argues, citing 5 C.F.R. § 1201.24(d), that "[a]n appellant generally has a right to a hearing on the merits if the appeal has been timely filed and the Board has jurisdiction over the appeal."  0304 PFR File, Tab 1 at 8; 0322 PFR File, Tab 1 at 8.  The Board's regulations, however, provide an exception to this general rule for VEOA appeals, and provide for the disposition of such appeals on the merits without a hearing.  5 C.F.R. § 1208.23(b); *see Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007).

¶11     In addition, the appellant claims that hearings should be mandatory based on findings stated in the Board's January 2015 study titled, "The Impact of Recruitment Strategy on Fair and Open Competition for Federal Jobs."  0304 PFR File, Tab 1 at 5-6; 0322 PFR File, Tab 1 at 5-6.  However, the Board has repeatedly held that it has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law.  *See Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008); *Davis*, 105 M.S.P.R. 604, ¶ 12.  We find

---

[5] In his petition for review, the appellant references the docket number of his appeal relating to his petition for enforcement of that initial decision, *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-10-0168-X-1, Final Order (Dec. 10, 2012) (Final Order).  0304 PFR File, Tab 1 at 9-12; 0322 PFR File, Tab 1 at 9, 12.  However, the appellant's arguments on review make clear that he intends to reference the initial decision on the merits of his appeal, rather than the petition for enforcement of that initial decision, which was dismissed by the Board.  0304 PFR File, Tab 1 at 9-12; 0322 PFR File, Tab 1 at 9-12; *see* Final Order at 2.

that the appellant's arguments on review do not establish a basis to depart from this well-established principle.

¶12     The appellant also contends that the administrative judge should have held a hearing because there was a genuine dispute of material fact as to whether the agency credited his military experience as a medic in Vietnam. 0304 PFR File, Tab 1 at 13-17; 0322 PFR File, Tab 1 at 13-17. We disagree. Preference-eligible veterans applying for Federal employment have the right "to credit for all experience material to the position for which examined, including experience gained in religious, civic welfare, service, and organizational activities, regardless of whether" such experience is unpaid.[6] 5 U.S.C. § 3311(2); 5 C.F.R. § 302.302(d). However, it would be inconsistent with the Board's role under VEOA to engage in a fact-based review of how an agency weighed and assessed a preference eligible's experiences in making its hiring decisions and determinations about the preference eligible's qualifications for a position. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 12 (2014). Therefore, while the Board will determine whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, the Board will not reevaluate the weight the agency accorded those experiences in reaching its decision that the appellant was not qualified for a given position. *Id.* (citing *Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009)).

---

[6] With regard to the appellant's application under the merit promotion vacancy announcement, the Board has previously examined whether an agency violated an appellant's veterans' preference rights under 5 U.S.C. § 3304(f)(1) in denying him the opportunity to compete for a vacancy announced under the merit promotion process by failing to properly consider his application. *See Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶¶ 3, 12 (2008). In *Phillips*, the Board remanded the appeal to the regional office to determine whether the agency properly considered the appellant's qualifications for a GS-8 position. *Phillips*, 110 M.S.P.R. 184, ¶¶ 12, 14. In so doing, we recognized that an agency's consideration of an individual's qualifications, including prior work experience, as set forth in the application materials, is part of affording an individual the opportunity to compete for a vacancy. *See id.*, ¶¶ 9, 10.

¶13   As previously noted, the agency submitted a sworn statement from the Human Resources Specialist who evaluated the appellant's application, asserting that she considered the appellant's experience as a Medical Corpsman, and found that it was not related to the job being filled.  0304 IAF, Tab 6 at 15; 0322 IAF, Tab 5 at 15.  The Human Resources Specialist further swore that she considered the specific experiences that the appellant cited in his résumé, and concluded that the appellant did not demonstrate experience developing and formulating new programs and initiatives that are in accord with public health activities specific to the elimination of HIV/AIDS.  0304 IAF, Tab 6 at 15; 0322 IAF, Tab 5 at 15.  The administrative judge correctly found that the agency submitted sworn statements indicating that it considered all of the appellant's experience, and the appellant presented no evidence to the contrary.  0304 ID at 7-8; 0322 ID at 6.

¶14   We have considered the appellant's arguments on review, and we find that he is disputing the weight that the agency gave to his prior experience, rather than whether the agency considered that experience in evaluating his application.  *See* 0304 PFR File, Tab 1 at 13-17; 0322 PFR File Tab 1 at 13-17.  For example, the appellant argues that his experience in Vietnam regarding the use of prophylactics to stop the transmission of sexually transmitted diseases should have been considered relevant to developing and formulating new programs and initiatives that are in accord with public health activities specific to the elimination of HIV/AIDS.  0304 PFR File, Tab 1 at 15-16; 0322 PFR File, Tab 1 at 15-16.  However, VEOA does not empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency.  *See Miller*, 121 M.S.P.R. 88, ¶ 12.

¶15   Accordingly, because the record reflects that the agency reviewed the appellant's application and considered all of his relevant experience and work history, including his military service, in assessing his qualifications, the appellant has failed to meet his burden of proving that the agency violated his

veterans' preference rights or right to compete.[7]  *See Miller*, [121 M.S.P.R. 88](), ¶ 11 (finding that a preference eligible's right to compete does not preclude an agency from eliminating a veteran or preference eligible from further consideration for a position based on his qualifications for the position, and that nothing requires that the veteran or preference eligible be considered at every stage of the selection process, up to that process's final stage); *see also Harellson v. U.S. Postal Service*, [113 M.S.P.R. 534](), ¶ 11 (2010) (same).

¶16    On review, the appellant further argues that the administrative judge failed to "credit" his status as a combat veteran, or to express gratitude for his military service.  0304 PFR, Tab 1 at 7; 0322 PFR File, Tab 1 at 7.  To the contrary, however, the administrative judge recognized that the appellant had military service as a Medical Corpsman in Vietnam, and that VEOA is an "expression of gratitude" to veterans.  0304 ID at 7 n.3; 0322 ID at 5, 6 & n.3.  The appellant also contends that the administrative judge failed to consider that VEOA is a remedial statute that should be broadly construed.  0304 PFR File, Tab 1 at 6-7; 0322 PFR File, Tab 1 at 6-7.  Although VEOA is a remedial statute, the administrative judge correctly identified the relevant issue in these appeals as whether the agency improperly omitted, overlooked, or excluded a portion of the appellant's experience or work history in assessing his qualifications for the vacancy, and concluded that the appellant had offered no such evidence.  0304 ID at 6-8; 0322 ID at 4-6.

---

[7] Furthermore, the agency's decision to make no selection for the position under either the merit promotion or open competitive vacancy announcements did not deny the appellant his opportunity to compete or otherwise violate his rights under a statute or regulation relating to veterans' preference.  *See Abell v. Department of the Navy*, [343 F.3d 1378](), 1384 (Fed. Cir. 2003) (finding that an agency did not violate a preference-eligible veterans' right to compete under VEOA when it canceled a vacancy announcement); *Scharein v. Department of the Army*, [91 M.S.P.R. 329](), ¶ 10 (2002) (finding that an agency is not required to fill a particular vacancy and does not violate an applicant's veterans' preference rights when it chooses not to make a selection).

¶17    The appellant appears to argue on review that the administrative judge erred in failing to adjudicate his claims of prohibited personnel practices.  0304 PFR File, Tab 1 at 17-18; 0322 PFR File, Tab 1 at 17-18; *see* 0322 IAF, Tab 8 at 4. However, the Board's jurisdiction in a VEOA appeal does not extend to the adjudication of prohibited personnel practice claims.  *See Graf v. Department of Labor*, 111 M.S.P.R. 444, ¶ 6 n.2 (2009) (finding that the Board lacked authority to review allegations of disability discrimination and prohibited personnel practices claims in a VEOA appeal).  The appellant also claims that the agency was required to hire him as a veteran, unless they had a "pass-over request approved, for lawful reasons."  0304 PFR, Tab 1 at 18; 0322 PFR, Tab 1 at 18. However, an agency may eliminate a preference-eligible veteran from further consideration for a position based upon his qualifications, and the agency was not obligated to hire the appellant for a position for which it determined that he was not qualified.  *See Harellson*, 113 M.S.P.R. 534, ¶ 11; *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 13 (2006) (finding that VEOA does not provide that veterans will be considered for positions for which they are not qualified).

¶18    We have considered the appellant's remaining arguments on review including, but not limited to, his arguments regarding testimony and proceedings in his prior unrelated appeals, his analysis of "The Odyssey" by Homer, his comparison of his Board appeal to the criminal trial of Dzhokhar Tsarnaev, and his criticism of the Government for its responses to various natural disasters and health epidemics.  *See* 0304 PFR File, Tab 1 at 9-12, 21-24; 0322 PFR File, Tab 1 at 9-12, 21-24.  Having considered these arguments, we find that they present no basis to disturb the initial decisions denying the appellant's requests for corrective action under VEOA.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.